UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAJINDER SINGH, | Case No. 10-13224 |
| Plaintiff, | Bernard A. Friedman |
| vs. | United States District Judge |
| CROMPTON GREAVES LIMITED, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

_____/

**REPORT AND RECOMMENDATION
MOTION TO DISMISS (Dkt. 11)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint on August 13, 2010 against Crompton Greaves, Ltd., Sushant Arora, Gautam Thapar, and S.M. Trehan.  (Dkt. 1).  The individual defendants were purportedly served with the summons and complaint at a Crompton Greaves facility in Missouri.  (Dkt. 2-4).[1]  There is no return of service as to Crompton Greaves on the docket.  This matter was referred to the undersigned for all pretrial proceedings by District Judge Bernard A. Friedman. (Dkt. 6).

---

[1] According to the motion to dismiss, Crompton Greaves received a copy of the complaint via mail at its address in India.  (Dkt. 11, n. 1).  The individual defendants also received copies of the complaint via mail at their work address in India. (Dkt. 11, n. 2).  While none of the defendants believe service of process was proper, they do not contest service in their motion.  *Id.*

On October 1, 2010, counsel appeared for all defendants, including Crompton Greaves. (Dkt. 9). On that same date, defendants filed a motion to dismiss the complaint based on a lack of personal jurisdiction. (Dkt. 11). In the alternative, defendants move for a more definite statement, asserting that plaintiff's complaint is so vague and unintelligible that they cannot prepare a proper response. *Id*. Plaintiff filed a response on October 29, 2010. (Dkt. 19). Defendants filed a reply on October 28, 2010. (Dkt. 18). On November 2, 2010, plaintiff filed an amended response and an addendum. (Dkt. 20, 21). On November 4, 2010, defendants filed a sur-reply. (Dkt. 22). On November 8, 2010, plaintiff filed a response to the sur-reply. (Dkt. 24).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** without prejudice.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff's complaint, with exhibits, is well over 100 pages, detailing his apparent multi-decade working history with defendant Crompton Greaves in India. (Dkt. 1). It appears that plaintiff has a complaint about the adequacy of certain payments made to him after his voluntary retirement in 1991. (Dkt. 1). Nothing in plaintiff's complaint relates to whether this Court has personal jurisdiction over

defendants or explains what contacts any of the defendants have had with the State of Michigan.

  B. <u>The Parties' Arguments</u>

  According to defendants, the only connection between Michigan and plaintiff's claims is that plaintiff now lives in the state of Michigan. (Dkt. 11). Defendants offer evidence, via affidavit, that Crompton Greaves, an Indian corporation, does not maintain or conduct any business in Michigan, does not have any employees in Michigan, has done no advertising or soliciting in Michigan, and has no connections whatsoever to Michigan. (Dkt. 11, Ex. A). Further, the individual defendants also attest that they have no connections to Michigan. They are all residents of India, none of them consented to be sued in Michigan, and none of them have transacted any business in Michigan. (Dkt. 11, Ex. A; Dkt. 16, 17).

  Plaintiff's argument, set forth in several briefs, focuses entirely on issues relating to subject matter jurisdiction. That is, plaintiff, at great length, explains why this Court has jurisdiction over his claims pursuant to the Alien Tort Act. Plaintiff does not, however, address any of the issues relating to whether this Court has personal jurisdiction over any of the defendants.

## III. ANALYSIS AND CONCLUSION

### A. Standard of Review

Defendant moves to dismiss plaintiff's complaint based on lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). When deciding a motion based on Rule 12(b)(2), a district court has at its disposal three procedural alternatives: (1) "it may decide the motion upon the affidavits alone"; (2) "it may permit discovery in aid of deciding the motion"; or (3) "it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991). "The court has discretion to select which method it will follow ...." *Theunissen*, 935 F. 2d at 1458. Regardless of which method the court chooses, it is the plaintiff who "bears the burden of establishing that jurisdiction exists." *Id.* at 1458. If the court determines "that the motion to dismiss for lack of personal jurisdiction can be decided upon [the] written submissions, it 'must consider the pleadings and the affidavits in the light most favorable to the plaintiff.'" *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989), quoting, *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). When the court decides on the written submissions alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F. 2d at 1458. Moreover, the court in deciding a 12(b)(2) motion on the parties' written submissions alone, "does not weigh the controverting

assertions of the party seeking dismissal." *Id*. at 1459.

The undersigned believes in this case that it is proper to decide defendants' motion on the written submissions alone. Thus, this undersigned must determine if plaintiff has satisfied his burden of making a "*prima facie* showing that personal jurisdiction exists ...." *Theunissen*, 935 F. 2d at 1458.

B. <u>Applicable Legal Standards</u>

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track*, *Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel*, *Inc. v. Paragon Indus.*, *Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). It does not appear that plaintiff alleges that this Court has general personal jurisdiction over

defendants.[2]

Under Federal Rule of Civil Procedure 4(e), the Court must look to the Michigan long-arm statute, Mich. Comp. Laws § 600.715, to determine whether personal jurisdiction exists in the case at bar. Mich. Comp. Laws § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> > (1) The transaction of any business within the State.
> >
> > (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

In *Sifers v. Horn*, 385 Mich. 195, 188 N.W.2d 623 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in Mich. Comp. Laws § 600.715 "means just what it says. It includes 'each' and 'every' .... It comprehends the 'slightest'" contact. *Id.* at 199 n. 2; *see also Lanier*

---

[2] Under Mich. Comp. Laws § 600.701, the court would have general personal jurisdiction if (1) defendant Lanni was present in Michigan when process was served; (2) defendant Lanni was domiciled in Michigan when process was served; (3) defendant Lanni consented to personal jurisdiction in Michigan. None of these three circumstances appear applicable to the present case.

*v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988).

"However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id*. The relevant criteria for Due Process consideration are: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Theunissen*, 935 F.2d at 1460 (citations and quotation marks omitted).

> C. <u>Plaintiff Has Failed to Establish a Prima Facie Case of Personal Jurisdiction Over Any of the Defendants</u>.

A careful review of plaintiff's 100 plus page complaint and exhibits reveals no allegation that any defendant has any connection whatsoever to Michigan. At most, plaintiff sent a handful of communications from Michigan to some defendants in India. Otherwise, the complaint is completely devoid of any relationship between the State of Michigan and any of the defendants. In plaintiff's multiple responses to the motion to dismiss, he offers no evidence or

even any allegations showing any connections between Michigan and the defendants. Rather, plaintiff's responses are entirely focused on the *subject matter* jurisdiction of the Court pursuant to the Alien Tort Act. However, as defendants pointed out in their reply brief, plaintiff has simply not addressed the issue of whether this Court has *personal* jurisdiction over any of the defendants.

Even if the Court has subject matter jurisdiction over plaintiff's claims, the Court must also have personal jurisdiction. A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998).[3] Here, the undersigned concludes that plaintiff, in his complaint or in his multitude of other submissions, has failed to establish a *prima face* case of personal jurisdiction over defendants and their motion to dismiss should be granted. Given the foregoing conclusion, defendants' remaining arguments need not be addressed.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motion to dismiss based on lack of personal jurisdiction be **GRANTED** and that

---

[3] In its discretion, a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999).

plaintiff's complaint against defendants be **DISMISSED** without prejudice.[4]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

---

[4] Dismissal for lack of jurisdiction is without prejudice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date:  May 24, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on May 24, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Robin A. Williams, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Rajinder Singh, 1191 Provincial Drive, Troy, MI 48084.

s/Tammy Hallwood<br>Case Manager<br>(810) 341-7887<br>tammy_hallwood@mied.uscourts.gov
