UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAJINDER SINGH,

    Plaintiff,                                    Civil Action No. 10-CV-13224

vs.                                            HON. BERNARD A. FRIEDMAN

CROMPTON GREAVES LIMITED, et al.,

    Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magistrate Judge Michael Hluchaniuk has issued a Report and Recommendation ("R&R") in which he recommends that defendants' motion to dismiss [docket entry 11] be granted. Plaintiff has filed timely objections to the R&R. The court reviews *de novo* those portions of the R&R to which any party has filed timely and proper objections. *See* Fed. R. Civ. P. 72(b)(3).

Magistrate Judge Hluchaniuk recommends that the court grant defendants' motion to dismiss for lack of personal jurisdiction on the grounds that all defendants lack sufficient minimum contacts with this forum. The R&R states in relevant part:

> A careful review of plaintiff's 100 plus page complaint and exhibits reveals no allegation that any defendant has any connection whatsoever to Michigan. At most, plaintiff sent a handful of communications from Michigan to some defendants in India. Otherwise, the complaint is completely devoid of any relationship between the State of Michigan and any of the defendants. In plaintiff's multiple responses to the motion to dismiss, he offers no evidence or even any allegations showing any connections between Michigan and the defendants. . . . [P]laintiff, in his complaint or in his multitude of other submissions, has failed to establish a *prima facie* case of personal jurisdiction over defendants and their motion to dismiss should be granted.

R&R at 7-8.

Plaintiff makes several objections, none of which shows that defendants have the required "minimum contacts" in order for the court to exercise personal jurisdiction over them. Plaintiff argues that he did not have a sufficient opportunity to argue the issue before the magistrate judge. This objection is belied by the record. Defendants' motion to dismiss was filed on October 1, 2010 [docket entry 11]. Plaintiff filed several briefs and numerous documents in response [docket entries 13, 19, 20, 21, 24] before the magistrate judge issued his R&R on May 24, 2011. Plaintiff had ample opportunity to state his position on, and to present evidence regarding, the personal jurisdiction issue.

Plaintiff next argues that the court may exercise personal jurisdiction over defendants because they were served with process in Missouri. Plaintiff is mistaken. The mere fact that a defendant has been served with process in another state does nothing to show that he has minimum contacts with Michigan. Quite simply, service in Missouri does not prove contacts with Michigan.

Nor does the letter correspondence between plaintiff and the corporate defendant establish such contact. Plaintiff points particularly to pages 43-50, 52-55, 64-67, and 80-89 of his complaint as "prov[ing] . . . personal jurisdiction." Pl.'s Objections at 3. This correspondence merely shows that defendant carried on a dialogue with plaintiff regarding his demand for "outstanding dues/benefits," stemming from plaintiff's employment with defendant from 1978 to 1991. Such correspondence does not demonstrate that defendant transacts, or ever has transacted, any business within Michigan. Nor does it matter that this correspondence took place "whilst [plaintiff] was [a] resident of Michigan." *Id.* at 4. What matters is defendants', not plaintiff's, contacts with Michigan.

Plaintiff next argues that the affidavit of Sushant Arora, filed as Ex. A in support of

defendants' motion to dismiss, amounts to consent to suit because Mr. Arora indicates that, if called as a witness, he could testify to the matters contained in his affidavit. No such consent can be inferred from this affidavit. To the contrary, Mr. Arora specifically states that he has "never consented to be sued in Michigan." Arora Aff. ¶ 4.

Finally, plaintiff appears to argue that he need not demonstrate any contacts between defendants and the State of Michigan because he has read in the newspaper about two cases in which foreign defendants, with no apparent ties to the United States, have been sued in United States courts. Although plaintiff has not provided citations to these cases, the court has been able to locate them through its own research efforts based on the scant information contained in Exhibits A and B to plaintiff's objections: *Sikhs for Justice v. Nath*, Civil Action No. 1:10-CV-02940 (S.D.N.Y.), and *Rosenberg v. Lashkar-E-Taiba*, Civil Action No. 1:10-CV-05381 (E.D.N.Y.). In neither case has the court "exercised [its] territorial and personal jurisdiction," as plaintiff asserts. In *Sikhs for Justice*, defendants have not yet responded to the complaint. The court notes that the individual defendant, a citizen of India, was personally served with process within the court's territorial jurisdiction (*see* docket entry 3), which did not occur in the present case. In *Rosenberg*, the defendants have not yet responded to the complaint, and they have indicated through counsel that they intend to seek dismissal of the complaint for lack of personal jurisdiction (*see* docket entry 7). Neither *Sikhs for Justice* nor *Rosenberg* supports plaintiff's argument that the court may exercise personal jurisdiction over a foreign citizen who has no contacts with the forum state.

Plaintiff has failed to show that defendants have any contacts with the State of Michigan. He has not met his burden of making a prima facie showing that personal jurisdiction exists as to the named defendants. Accordingly,

IT IS ORDERED that Magistrate Judge Hluchaniuk's R&R is hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of personal jurisdiction is granted.

|  |  |
|---|---|
|  | S/Bernard A. Friedman_____ |
| Dated: June 13, 2011 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |